UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE, a fictitious name,<br><br>        Plaintiff,<br><br>–against–<br><br>HOWARD ZUCKER, M.D., in his official capacity as Commissioner of Health of the State of New York, and ANNE MARIE T. SULLIVAN, M.D. in her official capacity as Commissioner of Mental Health for the State of New York,<br><br>        Defendants,<br><br>–and–<br><br>RUTH RIVERA, GEORGE IWCZENKO, BARBARA ANN MOSS, M.D., and ERIC SCOFF,<br><br>        Intervenor Defendants. | Civil Action No.  1:17-CV-1005 (GTS/CFH) |

**NOTICE OF REMOVAL**

      Intervenor defendants Ruth Rivera, George Iwczenko, Barbara Ann Moss, M.D., and Eric Scoff (collectively, "Intervenors") hereby remove the state-court action captioned *John Doe v. Howard Zucker, M.D., et al.*, Index No. 07079/2016 (the "State Court Proceeding") from the Supreme Court of the State of New York for the County of Albany to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, and allege as follows:

      1.      On or about November 22, 2016, petitioner John Doe ("Plaintiff") commenced the State Court Proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules.

Copies of the Verified Petition and the exhibits thereto are collectively attached to this notice as **Exhibit 1**.

2. In the State Court Proceeding, Plaintiff challenges certain state regulations promulgated and administered by the New York Department of Health and the New York Office of Mental Health concerning the placement of persons with serious mental illnesses into transitional adult homes in the State of New York. The Commissioner of Health and Commissioner of Mental Health (together, "Defendants") were named in their official capacity as respondents in the State Court Proceeding.

3. Specifically, Plaintiff challenges regulations published on January 16, 2013 in the New York State Register at pages 4–9 and 13–15, amending Parts 486 and 487 of Title 18 of the New York Code of Rules and Regulations (the "Challenged Regulations"). *See* Ex. 1-A.

### THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS

4. Federal courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Plaintiff's first cause of action is brought under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and federal regulations implementing the provisions of the ADA. Ex. 1, Pet. ¶¶ 51–57. The Court has original federal question jurisdiction over this claim. 28 U.S.C. § 1331.

6. Plaintiff's second cause of action is brought under Section 504 of the federal Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a). Ex. 1, Pet. ¶¶ 58–62. The Court has original federal question jurisdiction over this claim. 28 U.S.C. § 1331.

7. Plaintiff's third cause of action is brought under the federal Fair Housing Act of 1968 ("Fair Housing Act"), 42 U.S.C. § 3601 *et seq.* Ex. 1, Pet. ¶¶ 63–66. The Court has original federal question jurisdiction over this claim. 28 U.S.C. § 1331.

64788462

8.  Plaintiff's fifth cause of action is brought under the First Amendment to the United States Constitution. Ex. 1, Pet. ¶¶ 71–79. The Court has original federal question jurisdiction over this claim. 28 U.S.C. § 1331.

9.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

10. Plaintiff's fourth cause of action is brought under Section 296 of the New York Human Rights Law. Ex. 1, Pet. ¶¶ 67–70. It challenges the same Challenged Regulations that are at issue in Plaintiff's federal claims. This Court has supplemental jurisdiction over this state-law claim. 28 U.S.C. § 1367(a).

11. Plaintiff's sixth cause of action seeks to invalidate the Challenged Regulations on the basis that they are arbitrary, capricious, and irrational because, among other things, they allegedly violate the ADA, Rehabilitation Act, Fair Housing Act, and state law. This Court has original federal question jurisdiction over the portions of this claim arising under federal law, 28 U.S.C. § 1331, and supplemental jurisdiction over the portions of this claim arising under state law, 28 U.S.C. § 1367(a).

12. Accordingly, this action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a).

## THIS REMOVAL IS TIMELY

13. Plaintiff commenced the State Court Proceeding on or about November 22, 2016.

14. On June 27, 2017, Intervenors moved to intervene in the State Court Proceeding pursuant to CPLR 7802.

64788462

15. After briefing and oral argument, Acting Justice Kimberly A. O'Connor, the state judge overseeing the State Court Proceeding, entered an order on August 11, 2017, granting Intervenor's motion to intervene. A copy of the order is attached to this notice as **Exhibit 2**.

16. The order expressly states that Intervenors were granted leave to "appear and participate in [the State Court Proceeding] … as 'Intervenor Defendants/Respondents.'" Ex. 2.

17. Intervenors filed this notice within 30 days of entry of the order granting their motion to intervene.

### THE REMAINING PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

18. Venue is proper in this Court because this District embraces Albany County, the county in which the State Court Proceeding is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 112(a).

19. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this notice, Intervenors will serve written notice of the removal upon Plaintiff, the only party adverse to Intervenors, and will file a copy of this notice with the Clerk of the Supreme Court of the State of New York for the County of Albany.

20. Copies of all other process, pleadings, and orders served upon Intervenors and Defendants are attached to this notice as follows:

 a. a copy of the Verified Petition dated November 22, 2016 and the exhibits thereto are collectively attached as **Exhibit 1**;

 b. a copy of the Order Granting Motion to Intervene dated August 11, 2017 is attached as **Exhibit 2**;

 c. a copy of the Order to Show Cause dated November 22, 2016 is attached as **Exhibit 3**;

 d. a copy of the Order to Show Cause dated February 16, 2017 is attached as **Exhibit 4**;

64788462

e. a copy of the Order to Show Cause dated June 2, 2017 is attached as **Exhibit 5**;

f. a copy of the Order to Show Cause dated June 29, 2017 is attached as **Exhibit 6**;

g. a copy of the letter Order dated July 26, 2017 is attached as **Exhibit 7**;

h. a copy of the Decision and Order of the state court dated August 3, 2017 is attached as **Exhibit 8**; and

i. a copy of the Order to Show Cause dated August 11, 2017 is attached as **Exhibit 9**.

21. Each of the Defendants has consented to the removal of the State Court Proceeding to this Court.

**WHEREFORE**, on the basis of the foregoing, Intervenors respectfully request that the State Court Proceeding be removed from the Supreme Court of the State of New York for the County of Albany to the United States District Court for the Northern District of New York.

5

64788462

Dated: New York, New York
       September 8, 2017

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  /s/ Glenn J. Pogust
    Glenn J. Pogust
    Kyle D. Gooch
    250 West 55th Street
    New York, NY 10019-9710
    T:  212-836-8000
    F:  212-836-8689
    glenn.pogust@apks.com
    kyle.gooch@apks.com

*Attorneys for Intervenor Defendants
Ruth Rivera, George Iwczenko, Barbara
Ann Moss, M.D., and Eric Scoff*

*Of Counsel:*

Michael A. Lynn
Peter M. Torstensen
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
T:  212-836-8000
F:  212-836-8689
michael.lynn@apks.com
peter.torstensen@apks.com

64788462