UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                    Plaintiff,

v.                                                  1:17-CV-1005 (GTS/CFH)

HOWARD ZUCKER, M.D., in his official capacity as
Commissioner of Health of the State of New York,

                    Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

O'CONNELL & ARONOWITZ, P.C.        JEFFREY J. SHERRIN, ESQ.
  Counsel for Plaintiff                       MICHAEL HAWRYLCHAK, ESQ.
54 State Street, 9th Floor
Albany, NY 12207-2501

CONSTANTINE CANNON                ROBERT LOUIS BEGLEITER, ESQ.
  Counsel for Defendant                GARY MALONE, ESQ.
335 Madison Avenue, 9th Floor         HARRISON McAVOY, ESQ.
New York, NY 10017-4611                MARGEAUX POUEYMIROU, ESQ.
                                                         MATTHEW J. KOENIG, ESQ.
                                                            NOELLE M. YASSO, ESQ.

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this action against Howard Zucker in his official capacity as the Commissioner of Health of the State of New York ("Defendant"), is Defendant's motion to stay the Orders of November 19, 2020, and June 11, 2021, that require Defendant to disclose to Plaintiff copies of three documents, pending Defendant's appeal from those Orders. (Dkt. No. 225.) For the reasons stated below, the Court denies Defendant's motion.

**I.     RELEVANT BACKGROUND**

### A.     Relevant Procedural History

On May 7, 2020, Plaintiff requested a telephone conference to resolve outstanding issues regarding whether certain discovery documents were protected by privilege. (Dkt. Nos. 170, 171.) On May 27, 2020, U.S. Magistrate Judge Christian F. Hummel held a discovery hearing, in which he agreed to do an *in camera* inspection of the disputed documents and ordered supplemental briefing on that issue. (Text Minute Entry filed May 27, 2020.) On November 19, 2020, Magistrate Judge Hummel issued a Decision and Order in which he found certain documents to be covered by privilege and others to not be covered by privilege, and in which he ordered Defendant to produce the non-privileged documents within ten days of that Decision and Order. (Dkt. No. 195.) On November 30, 2020, Defendant requested a stay of the order to disclose the documents pending the filing of a motion for reconsideration,[1] which motion he filed on December 3, 2020, related to three specific documents that had been found to not be covered by attorney-client privilege. (Dkt. No. 198, 201.) On June 11, 2021, Magistrate Judge Hummel granted in part and denied in part Defendant's motion for reconsideration; he clarified his previous Decision and Order but declined to change his ultimate finding that the three documents were not covered by attorney-client privilege. (Dkt. No. 215.)

On June 25, 2021, Defendant filed an appeal from Magistrate Judge Hummel's two Decision and Orders ("the Orders"). (Dkt. No. 224.) He filed the current motion to stay pending appeal on July 2, 2021. (Dkt. No. 225.)

### B.      The Parties' Briefing on Defendant's Motion

#### 1.      Defendant's Memorandum of Law

---

[1] The request for a stay was granted on November 20, 2020. (Dkt. No. 198 [Text Order filed Nov. 30, 2020].)

Generally, in his motion, Defendant argues that the Court should stay Magistrate Judge Hummel's Orders to disclose the three relevant documents pending the outcome of his appeal from those Decision and Orders. (Dkt. No. 225, Attach. 1 [Def.'s Mem. of Law].) More specifically, Defendant asserts the following four arguments: (1) he has shown that he is likely to succeed on the merits of his appeal (or that there are at least serious questions going to the merits) because Magistrate Judge Hummel misapplied the relevant Second Circuit law in finding those documents were not protected by attorney-client privilege; (2) he has shown that he will suffer irreparable harm if a stay is not granted because having to disclose the disputed documents will essentially render his appeal moot and prevent him from having any redress if he is successful on his appeal; (3) a stay would not injure Plaintiff because the deposition at which Plaintiff wishes to use the relevant documents can be held in abeyance pending the outcome of the appeal, and the deadline for dispositive motions in this case has already been held in abeyance pending the outcome of his appeal; and (4) the public interest is served by granting a stay because there is a public interest in ensuring that attorneys and clients can freely consult to ensure the state complies with its legal obligations, and allowing disclosure here would be liable to have a chilling effect on communications between government attorneys and government employees. (*Id.*)

      **2.**    **Plaintiff's Opposition Memorandum of Law**

Generally, in its opposition memorandum of law, Plaintiff argues that a stay pending appeal is not warranted. (Dkt. No. 226 [Pl.'s Opp'n Mem. of Law].) More specifically, Plaintiff asserts the following five arguments: (1) Defendant is unlikely to succeed on the merits of his appeal because Magistrate Judge Hummel correctly found that the communications at issue were related to policy and did not have a predominant purpose to render or solicit legal advice, and the

mere fact that policies must be in compliance with the law does not transform all communications about policy into legal communications; (2) Defendant will not be irreparably harmed because (a) there is a protective order already in this case that would prevent Plaintiff from disseminating the documents any more than required, and (b) any injury suffered can be remedied after-the-fact by precluding those documents if they are found on appeal to be privileged; (3) Plaintiff will suffer a substantial injury if a stay is granted because he must complete the deposition of Dr. Gesten on or before September 3, 2021, pursuant to the order of the state court where a related case is pending, and he will not have the opportunity to depose Dr. Gesten about any information in the relevant documents if a stay is issued and the appeal is not decided before that deadline; (4) the public interest will be served by denying a stay because there is a public interest in government transparency, there would be very little real danger of a chilling effect from production, and the documents will be used only for limited (rather than widespread) purposes; and (5) the balance of these factors does not weigh in favor of granting a stay pending appeal.  (*Id.*)

## II.     APPLICABLE LEGAL STANDARD

In deciding whether to grant a stay of an order or proceeding pending appeal, courts consider four factors: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *United States v. Grote*, 961 F.3d 105, 122-23 (2d Cir. 2020).  The Second Circuit evaluates these factors on a sliding scale, finding that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

"The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002).

A stay is not a matter of right but an exercise of judicial discretion that depends on the circumstances of the particular case. *Niken v. Holder*, 556 U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Niken*, 556 U.S. at 433-34.

### III.   ANALYSIS

After careful consideration of whether Defendant is entitled to a stay of Magistrate Judge Hummel's Orders pending appeal, the Court answers this question in the negative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 226 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

#### A.   Likelihood of Success on the Merits

In asserting a likelihood of success on the merits, Defendant argues primarily that Magistrate Judge Hummel's finding is clearly contrary to Second Circuit precedent, specifically, *In re Erie County*, 473 F.3d 413, 417 (2d Cir. 2007). (Dkt. No. 225, Attach. 1, at 10-14 [Def.'s Mem. of Law].)

In *In re County of Erie*, the Second Circuit found that, "[i]n civil suits between private litigants and government agencies, the attorney-client privilege protects most confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance." *In re Cnty. Of Erie*, 473 F.3d at 418. "Fundamentally, legal advice involves the interpretation and application of legal principle to guide future conduct or to assess past conduct[;] . . . It requires a lawyer to rely on legal education and experience to

5

inform judgment." *In re Erie County*, 473 F.3d at 419.  The Second Circuit also found that the question is "whether the predominant purpose of the communication is to render or solicit legal advice." *In re Erie County*, 473 F.3d at 420.  "When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measure—is legal advice."  *In re Erie County*, 473 F.3d at 422.  The Second Circuit found, however, that this privilege is to be construed "narrowly because it renders relevant information undiscoverable; we apply it 'only where necessary to achieve its purpose.'"  *In re Erie County*, 473 F.3d at 418 (quoting *Fisher v. United States*, 425 U.S. 391, 403 [1976]).

      Here, the Court finds that Defendant has not shown a likelihood of success on the merits of his appeal.  Defendant's argument appears to be the attorney-client privilege applies to any conversation by governmental personnel regarding an attorney's recommendation of a policy to comply with a legal obligation where the attorney has requested assistance in formulating or implementing that policy.  (Dkt. No. 225, Attach. 1, at 12-13 [Def.'s Mem. of Law].)  However, Defendant fails to cite any legal precedent to support his assertion that an attorney's request for non-attorneys to perform work or prepare documents that will facilitate their recommendations being put into practice also constitutes legal advice or assistance.  (*See* Dkt. No. 224, Attach. 1 [stating that "the Order is contrary to law in holding that communications initiated by attorneys for the purpose of seeking assistance in developing policies to meet legal obligations are not privileged if those policies also involved matters other than meeting legal obligations," but failing to cite any such law].)  As Defendant himself emphasizes, the Second Circuit stated in *In re Erie County* that a "lawyer's recommendation of a policy" is what is considered legal advice;

6

the Second Circuit says nothing, however, about whether an attorney's request for assistance by non-attorneys to conduct the practical work to implement the attorney's policy recommendation, or the communications by non-attorneys regarding fulfilling such a request by the attorney in a way that does not seek legal advice from that attorney or address the legal issues involved, is also covered by the privilege. *In re Erie County*, 473 F.3d at 422.

Here, none of the three documents were either (a) the government attorney's policy or legal or related recommendations, or (b) responses or discussions by non-attorneys that sought or requested legal advice or assistance. Rather, they consist essentially of communicating deadlines, requesting certain individuals to review documents for approval or to formulate documents according to pre-determined criteria, or discussions about the practical logistics of completing such tasks. Additionally, the Court is not persuaded, on this review at least, that Defendant has shown that Magistrate Judge Hummel misunderstood or misapplied the relevant law that Defendant highlights, particularly *In re Erie County*. Because Defendant's arguments on this motion do not indicate that he is likely to succeed on the merits of his appeal, the Court finds that this factor weighs against granting a stay.

### B.     Irreparable Harm

Defendant has not demonstrated that he will suffer irreparable harm if he is required to disclose the relevant three documents before appeal. Contrary to Defendant's argument, disclosure would not moot Defendant's appeal of Magistrate Judge Hummel's Orders or effectively deprive him of his right to appeal. If any of the three documents were found to be covered by the attorney-client privilege on appeal, the disclosure of any privileged information could be remedied through multiple avenues, including (a) redaction of the portions of the documents that contain privileged information for use on substantive motions or at trial, or (b) an

7

order that Plaintiff is not permitted to use those documents on substantive motions or at trial. *See In re Erie County*, 473 F.3d 413, 417 (2d Cir. 2007) (finding that, even where a motion to stay pending appeal was denied and documents alleged to be privileged were already disclosed to the other party, the dispute was not moot because there was still relief available, such as blocking the privileged material from use at further discovery and at trial).

In making this finding, the Court does not consider the issue in a vacuum, but rather based on a consideration of the content of the documents themselves. Indeed, the majority of the content of these three documents relate to simply providing practical directions related to work tasks and deadlines or to scheduling meetings or conversations. In short, the Court sees nothing in the three documents that, if found to be protected by attorney-client privilege on appeal, could not be addressed through precluding Plaintiff from using that evidence (or any fruits of that evidence, such as deposition testimony elicited from those documents) on its dispositive motions or at trial. Indeed, Magistrate Judge Hummel has held the deadlines for dispositive motions in abeyance pending the resolution of the dispute over these documents. (Text Minute Entry filed June 25, 2021.) There is therefore no danger that Plaintiff will be able to use these documents for the purpose of obtaining a dispositive finding before the appeal is resolved. As a result, the Court finds that this factor weighs against granting a stay.

### C.   **Substantial Injury to Interested Parties**

Defendant has also failed to show that Plaintiff will not be substantially injured if a stay is granted. Although Defendant argues that the parties have agreed to hold the deposition of Dr. Gesten in a related state court case (which deposition can be used in the instant litigation pursuant to an agreement by the parties) in abeyance pending the outcome of the dispute over these documents, Plaintiff's attorney's declaration indicates that the Kings County court

informed the parties on March 31, 2021, that September 3, 2021, was "as far out as the parties could reasonably expect to set the deadline [for that deposition] and still obtain court approval." (Dkt. No. 226, Attach. 1, at ¶¶ 4-5, 8 [Hawrylchak Decl.].)

Pursuant to the Court-ordered deadlines, the briefing on Defendant's appeal of Magistrate Judge Hummel's Orders is set to close on July 23, 2021. (Dkt. No. 224 [noting that response was due by July 16, 2021, and reply is due by July 23, 2021].) That means there is a little more than one month between when that appeal is fully briefed and ready for the Court's consideration and when the deposition of Dr. Gesten must be completed per the deadline imposed by the Kings County court. Although this Court always strives to conduct its business in a timely manner, there is simply no guarantee that a decision on Defendant's appeal would be issued before September 3, 2021. In the case where the Court issues a stay and a decision is not issued before that date, Plaintiff will have lost his ability to question Dr. Gesten on matters brought up by the content of the relevant documents should the Court ultimately affirm Magistrate Judge Hummel's findings on appeal. As a result, the Court finds that this factor weighs against granting a stay (albeit weakly given that the harm remains dependent on when this Court issues a decision on the appeal and is not guaranteed to occur).

### D. Public Interest

As to whether the public interest warrants the issuance of a stay, the Court finds that this factor is essentially neutral. As the parties argue, although there is a public interest in having government officials freely consult with attorneys for legal advice when developing policies to ensure they comply with the law, there is also a public interest in transparency in government decision-making. Contrary to Defendant's arguments, there is no indication that disclosure of the specific documents at issue here would produce any kind of significant chilling effect on

9

government officials' willingness to seek advice from attorneys, or on government attorneys' willingness to provide candid legal advice. As a result, the Court finds that this factor does not tilt the balance one way or the other.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to stay the Orders of November 19, 2020, and June 11, 2021 (Dkt. No. 225) is **DENIED**.

Date: July 20, 2021
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge